UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMANDA DOLGE,

    Plaintiff,

 v.             Case No. 19-cv-1331-pp

ANDREW M. SAUL,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

  The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

  To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

  Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, not married, and she has a three year old daughter. Dkt. No. 2 at 1. The plaintiff lists no income and no expenses, id. at 2-3, she owns a 2010 Buick LaCrosse (with her mother) worth approximately $6,000, she has $1 in cash on hand or in a checking/savings account, and she owns

no other property of value, id. at 3-4. The plaintiff states, "I live with a friend and I am dependent upon my friend and my parents. I have about $2,000 in unpaid medical bills." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the plaintiff is disabled, that she was denied benefits, that the Administrative Law Judge committed a number of errors in determining the plaintiff was not entitled to benefits, that the ALJ's decision is not supported by substantial evidence, contains harmful errors of law, and that the ALJ abused his discretion. Dkt. No. 1 at 1-5. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 17th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**